# United States Court of Appeals for the Fifth Circuit

———————

No. 24-60376
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

November 5, 2024

Lyle W. Cayce
Clerk

In the Matter of Ikechukwu Hyginus Okorie

*Debtor*,

Ikechukwu Hyginus Okorie, *doing business as* Inland Family Practice Center, L.L.C., *doing business as* Royal Oaks Rental Properties, L.L.C., *doing business as* St. Micheals Urgent *Care of* Hattiesburg, L.L.C., *doing business as* Slocum-Radson Medical Lab, Incorporated,

*Appellant*,

*versus*

PriorityOne Bank,

*Appellee*.

———————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:23-CV-104

———————————————————

Before Davis, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60376

In this bankruptcy case Appellant, Ikechukwu Hyginus Okorie, (Okorie or Appellant) proceeding *pro se* filed a Chapter 11 proceeding on November 6, 2018. Appellee, PriorityOne Bank (POB or Appellee), was a secured lender to Okorie collateralized with real property. On November 30, 2018, POB filed a motion for abandonment and request for termination of the §362 automatic stay or, in the alternative, request for adequate protection which the Court granted. On December 14, 2018, Okorie filed a motion to dismiss his Chapter 11 case. The bankruptcy court granted that motion and the case was dismissed on January 14, 2019 terminating the stay altogether, resulting in the case being closed on March 4, 2019. On June 7, 2019, after the case was dismissed, POB foreclosed on the subject property (collateral).

Over two years later in 2021, Okorie filed a motion to vacate the order granting POB's motion for abandonment and termination of the stay. The bankruptcy court advised Okorie that the case was closed and that a motion to reopen must be filed and granted before his motion could be considered. A year and half later on June 13, 2023, Okorie filed his motion to reopen, claiming that he did not receive sufficient notice of POB's November 30, 2018 abandonment motion.

The bankruptcy court denied the motion to reopen and held that Okorie had shown no cause to reopen as required under 11 U.S.C. §350(b). Okorie appealed that order to the district court, which affirmed the bankruptcy court's ruling.

The sole issues raised by Okorie in this appeal of the district court order are that he did not receive notice of POB's November 30, 2018 motion for abandonment and request for termination of the automatic stay and the bankruptcy court and district court erred in not vacating that order.[1] The

---

[1] A stay of action to collect prepetition debt under 11 U.S.C. §362(a)(1), (a)(6) is not permanent and, if not terminated sooner, expires on the earlier of the day the case is

obvious purpose of Okorie's motion was to have the automatic stay reinstated. But Okorie ignores the fact that, on December 14, 2018, the bankruptcy court granted his *pro se* voluntary motion to dismiss his bankruptcy petition. This action taken at Okorie's request terminated the stay altogether, resulting in the case being closed. POB foreclosed on the property on June 7, 2019, and purchased the collateral long after the bankruptcy proceeding was dismissed. As the bankruptcy court explained, the "foreclosure occurred almost five months after this case was dismissed and more than two months after this case was closed. Therefore, "[r]eopening the case and vacating the PriorityOne order would not reinstate the stay and would not provide any relief to Dr. Okorie in this case."

We agree with the district court and the bankruptcy court that Okorie's motion to reopen would have provided him no relief and was properly denied as futile.

AFFIRMED.

---

discharged, dismissed, or closed or when property is no longer the property of the estate. *See* 11 U.S.C. §362(c)(1)-(2).